# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 20-cv-4001-JBM |
| DR. SHAN JUMPER, | ) |
|                 Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, a civil detainee at the Rushville Detention and Treatment Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff is civilly detained at the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff asserts

1

a deliberate indifference claim under 42 U.S.C. § 1983 against Defendant Dr. Jumper, the Clinical Director for the Department of Human Services ("DHS") Treatment and Detention Program.

Plaintiff discloses that he has been adjudicated as suffering from a mental disorder whereby he is sexually attracted to non-consenting females "with the focal point being the [use of] force during the sexual assault." Plaintiff complains that Defendant has been deliberately indifferent as, instead of treating Plaintiff's serious mental health needs, he has forced Plaintiff "to make false allegations that he sexually assaulted 17-year-old females, during the time the state's legal age of consent was 17 years old." Here, Plaintiff does not deny having sexual contact with one or more 17-year-old females but appears to take offense at Defendant's alleged suggestion that these individuals were under the legal age of consent. In addition, Plaintiff asserting that any sexual contact with 17-year-old females was consensual.

Plaintiff asserts that as part of treatment, Defendant Jumper required that Plaintiff write down the "deviant sexual fantasies, planning and behaviors that occurred around the time of the offense." He claims that it is Defendant's policy to have residents admit to having sexually assaulted women and children when such crimes did not occur. By way of example, Plaintiff indicates that during treatment, he told Defendant of "childhood games" he played with others when he was young. Plaintiff does not disclose the nature of those games and does not disclaim having engaged in sexual behavior with other children. He objects, however, to Defendant characterizing the other children as victims of sexual assault.

Plaintiff claims that he has falsely admitted to offenses as this was the only way to complete Phase 2 of treatment. He asserts that now that he is in Phase 3, Defendant Jumper

requires that he and other residents admit to having been "stressed out" when they committed the offenses admitted to, sometimes falsely, in Phase 2.

Plaintiff reveals, however, that in 2019, a state examiner evaluated Plaintiff and determined that he had likely assaulted 40 women and children, that he is a pedophile, and that his civil commitment should continue. Plaintiff does not allege that the examiner would have found otherwise had Plaintiff not been characterized as having sexual contact with "under aged" 17-year-old females or, had children with whom he "played games" in his youth, not been characterized as victims.

Plaintiff requests injunctive relief only, that the Court order that Defendant cease the complaint-of conduct; that the Court affirm that it is the state legislature, not mental health providers, who determine the age of consent for females; and that the Court prohibit the practice of requiring that Rushville residents claim that stress was "the only reason" they committed sexual offenses.

## ANALYSIS

Since Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Civilly committed sex offenders have a right, under the Fourteenth Amendment, to adequate medical care." *Smego v. Payne*, 469 Fed.Appx. 470, 474 (7th Cir. 2012). To successfully proceed on a deliberate indifference claim, Plaintiff must plead that Defendants' conduct was objectively, rather than subjectively unreasonable. In other words, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross

negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482 at *12 (7th Cir. 2018).

  Plaintiff claims, in part, that he must admit to prior acts of sexual violence in order to progress through treatment. As Plaintiff has been convicted of offenses of sexual violence, this appears to be a reasonable focus of treatment rather than an exercise of deliberate indifference. To this extent, it appears that Plaintiff merely disagrees with the mental health professional's treatment plan. A plaintiff's dissatisfaction with treatment does not rise to the level of a constitutional claim, however, unless the medical treatment is "so blatantly inappropriate as to evidence intentional mistreatment …" *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996) citing *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974). Plaintiff makes no such showing here.

  Plaintiff also alleges that Defendant required that he falsely admit to episodes of deviant sexual activity, and wrongfully characterized his sexual partners, and children he had interacted with in his youth as victims. Plaintiff offers nothing to support that Defendant's diagnostic interpretation of his history was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). *See id*. (treatment decisions made by provider, based on plaintiff's medical history, did not demonstrate a "substantial departure from accepted medical judgment). As a result, Plaintiff fails to plead facts to support that Defendant's treatment evidenced deliberate indifference, that is, that it was "akin to reckless disregard." *Miranda, 900 F.3d* at *12. Plaintiff's claim that he was wrongfully required to admit that he experienced stress, and that this was the sole reason for his offenses, also fails to state a claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Petition to Proceed in forma pauperis [ECF 3] is DENIED. The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile as the allegations fail to state cognizable constitutional claims. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. All pending matters are VACATED.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

5/14/2020              s/Joe Billy McDade
ENTERED              JOE BILLY McDADE
           UNITED STATES DISTRICT JUDGE